GAUDIN, Judge.
Thomas D. Freeman filed suit on an employment or brokerage contract in the 24th Judicial District Court against Top Flight Paper Products, Inc. saying that he was due a five per cent sales commission on products sold by Top Flight to Katz & Besthoff, Inc. in 1989. The trial court found that “ ... the contract does not apply in this situation ...” but that, on the theory of quantum meruit, a two per cent commission paid to Freeman was just and adequate compensation. Freeman’s demand for an additional three per cent was denied. Freeman appealed.
For the following reasons, we set aside that part of the district court judgment of February 5, 1991 dismissing Freeman's claims and we remand for further proceedings. We affirm the denial of Top Flight’s exception of no right of action.
Freeman’s contract with Top Flight, prepared by Top Flight, specified that he (Freeman) was to be paid as follows:

*713
MASS MARKET ACCOUNTS:

3% on high count fillers (200P — up), boxed envelopes, index cards and guides, portfolios and brief covers.
5% on all regular merchandise

EDUCATIONAL DISTRIBUTORS AND SMALL WHOLESALERS:

5% on all merchandise

BIDS:

2% on all merchandise
Private label and special situations to be negotiated in advance.
According to the record, Top flight made a large sale to K & B during the year in question. Top Flight then paid Freeman a two per cent commission. Freeman sued for $14,093.42, the balance owed on a five per cent commission, contending that the sale to K & B, a mass market account, was of regular merchandise. Top Flight argues that the sale to K & B was of considerably discounted, back-to-school merchandise and thus was, according to the contract, either a bid or a special situation to be negotiated in advance. There was no negotiating.
The record clearly indicates that K & B was a mass market account and that the 1989 sale was not of regular merchandise. Thus, five per cent under the MASS MARKET ACCOUNTS section of the contract was not due. The subject sale was a special situation, meaning that Freeman’s commission was to be negotiated in advance. It wasn’t.
The trial judge erred in totally disregarding the contract, which is the law between these parties. It is not the province of courts to alter agreements or to make new contracts when there is wording under which reasonable interpretations can be made.
In defending the two per cent paid to Freeman, Top Flight contends that the K & B sale was a bid situation. There is no serious evidence of any bidding, however. Top Flight’s alternative argument is that the sale was a special situation and that Freeman was fully compensated.
The record does not contain convincing testimony or evidence concerning a fitting fee in a special situation. Mostly, Freeman insisted on five per cent throughout the trial while Top Flight at no time came off two per cent. Top Flight’s president, Montgomery Robinson, did say that Freeman . was our rep in place in the territory, and he was entitled to a commission.”
We remand for a hearing limited to what Freeman’s proper and adequate commission should be in this special situation under the employment or brokerage contract. The record already shows (1) that K & B was a mass market account but the 1989 items sold were not regular merchandise, (2) that there was no bidding by anyone prior to the K & B sale and (3) that Freeman is entitled to a fee or commission which should have been negotiated in advance.
With an eye toward judicial economy, we examined the record to see if we could determine a rightful commission due Freeman under circumstances of the K & B transaction. While there is some testimony about a sale of back-to-school merchandise to discount stores owned by Nichols, Inc., wherein, according to Freeman, the “major part” of his commission was five per cent, the overall evidence is not sufficient for us to decide Freeman’s appropriate, merited commission regarding K & B. Generally, Freeman stuck to his five per cent demand.
Along with the merits, the district judge heard Top Flight’s exception of no right of action contesting Freeman’s legal standing to personally bring this lawsuit. This exception was dismissed. We affirm that part of the judgment.
The assessment of appellate costs is delayed pending a final outcome of this litigation.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.